UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JACOB BAILEY,

          Plaintiff,          Case No. 1:23-cv-57

v.                                   Honorable Paul L. Maloney

MDOC et al.,

          Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 5.) Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants MDOC, Washington, and Davids. The Court will also dismiss, for failure to state a claim, Plaintiff's Eighth Amendment medical care claim. Plaintiff's Eighth Amendment failure to protect claims against Defendants Toogood and Davis remain in the case.

**Discussion**

**I.      Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the MDOC, Director of the MDOC Heidi Washington, and the following ICF staff: Correctional Officer John Toogood, Warden John Davids, and Acting Assistant Deputy Warden Sabrina Davis.

Plaintiff alleges that, on January 12, 2021, Defendant Davis conducted a security classification committee hearing to determine whether Plaintiff was eligible from release from administrative segregation. (Compl., ECF No. 1, PageID.3.) Plaintiff informed Defendant Davis that Plaintiff did not believe that he should be released from segregation because prisoners had made threats against him "of stabbing [and] slicing." (*Id.*) Plaintiff also informed Defendant Davis that two of the prisoners with whom he had issues were in Unit 5. (*Id.*) Defendant Davis nonetheless decided to move Plaintiff to Unit 5, denying Plaintiff's request for protective custody, and stating: "Bye[,] Mr. Bailey, I have others to see." (*Id.*)

On January 14, 2021, after being moved from segregation to Unit 5, Plaintiff told a non-party unidentified officer that he would be harmed or harm someone if not moved to protective custody. (*Id.*, PageID.4.) Thereafter, Plaintiff and another prisoner were in a heated conversation, "ending in Plaintiff being threatened to be 'stabbed or beat-down.'" (*Id.*)

Plaintiff was later informed "during shake down" that "staff were expecting an altercation" in the yard and that Plaintiff should go to the yard and "wait [and] see what happens." (*Id.*) Plaintiff was told that staff would be waiting to intervene so that they could "get all involved parties." (*Id.*) Plaintiff alleges that he heard staff making "wagers." (*Id.*, PageID.4–5.) Defendant Toogood told

Plaintiff that "he ha[d] [Plaintiff's] back [and] what was the worst that could happen in 5 second fights anyway." (*Id.*, PageID.5.)

Plaintiff had been told by the prisoner who had threatened him "to fight or get popped." (*Id.*) After saying loudly that he did not want to fight, Plaintiff looked to Defendant Toogood, but Defendant Toogood did not respond. (*Id.*) Plaintiff therefore fought with another prisoner "for quite some time before Defendant Toogood and his co-workers intervened." (*Id.*) Following the fight, Plaintiff waited nearly two hours to be transported to the hospital for medical attention, where he was diagnosed with a dislocated shoulder. (*Id.*, PageID.6.) Plaintiff alleges that he filed a grievance and exhausted his administrative remedies as to this incident. (*Id.*, PageID.6–7.)

Plaintiff informed Defendant Davids of the foregoing incident after it had occurred. (*Id.*, PageID.7.) Defendant Davids told Plaintiff that Defendant Davids trusted the decisions of his staff and that Plaintiff should "stop whining." (*Id.*) Defendant Davids also denied Plaintiff's step II grievance. (ECF No. 1-5, PageID.33.)

Plaintiff brings claims of Eighth Amendment deliberate indifference against Defendants Davis and Toogood for failing to protect Plaintiff from harm. (*Id.*, PageID.8.) Plaintiff also claims that Defendant Davids violated Plaintiff's Eighth Amendment rights by "blatantly disregarding Plaintiff's well[-]being" when he ignored Plaintiff's verbal complaints and denied Plaintiff's step II grievance. (*Id.*, PageID.8–9). Finally, Plaintiff mentions delays in his medical treatment, which the Court liberally construes as an attempt to raise an Eighth Amendment medical care claim. Plaintiff seeks injunctive relief and compensatory and punitive damages. (*Id.*, PageID.9–10.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint

need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

    A.    MDOC

Plaintiff names the MDOC as a Defendant. However, Plaintiff may not maintain a § 1983 action against the MDOC. Section 1983 expressly requires that a named defendant be a "person."

*See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). But neither the State of Michigan nor the MDOC is a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) (holding a state is not a "person"); *Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003) (citing *Will* and holding that the MDOC is not a "person.").

Moreover, even if the MDOC or the State of Michigan were "persons" under § 1983, Plaintiff's claims against the MDOC would be properly dismissed because the MDOC and the State of Michigan are immune from suit under the Eleventh Amendment. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010).

For these reasons, the Court will dismiss all claims against the MDOC for failure to state a claim.

### B.  Defendant Washington

Plaintiff does not specify the nature of his claims against Defendant Washington and makes no factual allegations against Defendant Washington in the body of his complaint.

5

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 545 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").

Plaintiff fails to include even a single factual allegation against Defendant Washington. His allegations therefore fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Accordingly, the Court will dismiss Plaintiff's action against Defendant Washington.

### C. Eighth Amendment Failure to Protect – Defendants Toogood and Davis

Plaintiff alleges that Defendants Toogood and Davis were deliberately indifferent to a serious risk to Plaintiff's safety, in violation of Plaintiff's Eighth Amendment rights.

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment's prohibition of "cruel and unusual punishments." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). In particular, because officials have "stripped [prisoners] of virtually every means of self-protection[,]" "officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833 (citations omitted).

To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, a plaintiff must show that the prison official acted with "deliberate indifference" to a substantial risk of serious harm facing the plaintiff. *Id.* at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 79 (6th Cir. 1995). Deliberate indifference is a higher standard than negligence and requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Bishop*, 636 F.3d at 766–67.

#### 1. Defendant Davis

Plaintiff alleges that he told Defendant Davis that he should not be released from administrative custody because of threats from other inmates, and that he should not be transferred

7

to Unit 5 because two of the inmates with whom Plaintiff had issues were in Unit 5. (ECF No. 1, PageID.3.) Defendant Davis nonetheless denied Plaintiff protective custody and transferred Plaintiff to Unit 5 where, two days later, Plaintiff was involved in a verbal altercation, threatened, and attacked by another inmate. (*Id.*; PageID.4.) At this stage of the proceedings, Plaintiff's factual allegations, taken as true, are sufficient to state an Eighth Amendment claim against Defendant Davis.

### 2. Defendant Toogood

Plaintiff claims that Defendant Toogood was aware of the planned fight on January 14, 2021, but deliberately chose not to protect Plaintiff from harm at the hands of another prisoner. (*Id.*, PageID.5.) Defendant Toogood also waited "for quite some time" before intervening once the fight had begun. (*Id.*) Accepting Plaintiff's factual allegations as true for screening purposes, Plaintiff has likewise sufficiently stated an Eighth Amendment claim against Defendant Toogood.

### D.  Eighth Amendment Deliberate Indifference to Plaintiff's "Well[-]Being" – Defendant Davids

Plaintiff also brings an Eighth Amendment claim of deliberate indifference against Defendant Davids. However, Plaintiff's only allegations against Defendant Davids are that Defendant Davids ignored Plaintiff's verbal complaints after the incident and denied Plaintiff's step II grievance. (ECF No.1, PageID.7; ECF No. 1-5, PageID.33.) Neither of these allegations support a claim under § 1983.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell*, 436 U.S. at 691; *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The

acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). "[A]n after-the-fact approval of an officer's conduct cannot logically be the moving force behind the constitutional violation." *Sherrod v. Williams*, No. 3:14-CV-454, 2019 WL 267175, at *25 (S.D. Ohio Jan. 15, 2019) (citing *Burgess v. Fischer*, 735 F.3d 462, 479 (6th Cir. 2013)).

Plaintiff fails to allege any facts showing that Defendant Davids encouraged or condoned the conduct of their subordinates, or authorized, approved or knowingly acquiesced in the conduct such that he could be said to have personally caused any violation of Plaintiff's constitutional

9

rights. Indeed, the complaint makes clear that Defendant Davids was not aware of the threats against Plaintiff or fighting incident until *after* they had occurred and the alleged constitutional violation was complete. Because Plaintiff's § 1983 action against Defendant Davids appears to be premised on nothing more than respondeat superior liability, the Court will dismiss all claims against Defendant Davids.

### E.   Eighth Amendment Delayed Medical Care

Though Plaintiff did not include a medical care claim in the "Legal Claim" portion of the complaint (ECF No. 1, PageID.8), Plaintiff alleges that, following the January 14, 2021, fight, Plaintiff waited in the segregation showers for medical attention. (*Id.*) Plaintiff claims that it took two hours before Plaintiff was transported to the hospital, and that Plaintiff waited another two hours in the hospital emergency room for x-ray results to confirm that Plaintiff's shoulder had been dislocated. (*Id.*) Reading Plaintiff's *pro se* complaint indulgently, the Court will address Plaintiff's allegations as an attempt to raise an Eighth Amendment claim for deliberate indifference to Plaintiff's medical needs.

In its prohibition of "cruel and unusual punishments," the Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

However, as with any § 1983 claim, "each [g]overnment official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 676. Thus, it remains Plaintiff's obligation to attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544. Plaintiff has not met that burden.

10

Plaintiff does not allege any facts that would plausibly suggest that any of the named Defendants were involved in Plaintiff's medical care, let alone that the named Defendants were deliberately indifferent to Plaintiff's medical needs, serious or otherwise. Thus, to the extent alleged, Plaintiff fails to state an Eighth Amendment claim related to his medical care.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants MDOC, Washington, and Davids will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's Eighth Amendment medical care claim. Plaintiff's Eighth Amendment failure to protect claims against Defendants Toogood and Davis remain in the case.

An order consistent with this opinion will be entered.

Dated:   February 13, 2023            /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      United States District Judge